## SHEEHAN v SHEEHAN

Ohio Appeals, 2nd Dist, Greene Co

No 447. Decided April 8, 1939

Marshall & Marshall, Xenia, for plaintiff-appellee.

Miller & Finney, Xenia, for defendant-appellant.

### OPINION

By GEIGER, J.

Helen E. Sheehan, plaintiff-appellee, filed a petition for divorce in the court of common pleas of Greene County, alleging that the defendant-appellant had been guilty of extreme cruelty in the matter set out at large in her petition. She prayed for alimony, temporary and permanent, and that she be divorced from the defendant-appellant and restored to her maiden name of Hood.

To this petition the defendant-appellant filed an answer and cross petition admitting certain matters and denying others. For his cross petition he alleges that the plaintiff had been guilty of extreme cruelty toward him in the matters alleged in the answer and cross

petition. He prays that he may be divorced from the plaintiff and for other relief and that the petition of the plaintiff be dismissed.

A reply to the answer and cross petition was filed by the plaintiff denying the allegations of the cross petition.

Upon hearing of the cause, the court found that from the evidence the defendant had been guilty of extreme cruelty toward the plaintiff and that by reason thereof plaintiff is entitled to a divorce as prayed for and further that the plaintiff has not been guilty of extreme cruelty as charged in the cross petition and said cross petition was dismissed. It was ordered by the court that the marriage contract between said Helen E. Sheehan and Ralph C. Sheehan be dissolved and both parties released from the obligation of the same and that the plaintiff be restored to her maiden name.

It was further ordered and adjudged that the defendant pay to the plaintiff, as her reasonable alimony, in money the sum of $8783.75 which was made a lien upon the property, both real and personal, of the defendant.

A motion for new trial was filed by defendant, Ralph C. Sheehan stating the usual grounds, among which are, the finding of the court was not sustained by sufficient evidence and is based on uncorroborated testimony; that the award of alimony is excessive and for other errors manifest on the face of the record. The defendant further moves for a modification of the alimony decree for the reason that the same is excessive.

The court found that the motion for new trial was not well taken and the same was overruled and further that the motion for modification of the allowance of alimony was not well taken and is overruled.

Notice of appeal from the judgment overruling the motion for new trial and for modification of alimony was duly given and the case lodged in this court.

The testimony taken required 400 pages for its transcript.

At the outset we would say we have no question as to the correctness of the decision of the court in finding that the plaintiff was not guilty of extreme cruelty toward the defendant and defendant was not entitled to a divorce as prayed for in his cross petition.

The record discloses a lamentable situation in that plaintiff and defendant had lived together as man and wife for 25 years in apparent harmony, each being diligent and each contributing to the welfare of the other During this period they built up a property of considerable value. At the time of the trial the defendant was 46 years of age and the plaintiff 44. They are childless. The record shows that their marital differences began during a serious illness of the defendant when a professional nurse was employed to give him such service as his sickness called for. After this nurse had attended him for some time there grew up between husband and wife strained relations which indicated that the husband became infatuated with the nurse and developed an aversion to his wife which led to a declaration upon his part that he was through with her and would not live with her in the future. The record is pitiful in disclosing the wrecking of long, apparently happy and evidently successful married relations. It is regretable that the parties did not follow the advice of their mutual friends, urging them to "patch the matter up". However, we have no authority to enforce our conclusions in this respect. The parties sought relief through the court and if the evidence justifies the finding of the trial court, this court is without power to modify it.

As to the divorce itself, we are free to say that had the matter been before us in the original trial we should have hesitated to grant it in the hope that the passage of time and the absence of the nurse would have brought the parties again in reasonable harmony.

The evidence discloses that the defendant even after he had recovered from his serious sickness to such an extent that his actions could not be attributed to his illness, became petulant

and almost childish in the criticism of his wife and aversion that developed into apparently unreconcilable differences. It is true that there is some evidence that the wife also was petulant and often displayed more temper than the incidents called for. It is a repetition of the oft repeated story of two who have traveled long together, when they have reached mid-channel in the married journey, can not survive the choppy seas that are often there encountered. A little patience and a little mutual consideration could readily have avoided disastrous consequences.

The court below concluded that the contemporaneousness of the husband's aversion to his wife with the presence of the nurse, was persuasive of the conclusion that he was infatuated with her gentle and highly pleasing professional ministrations. This, possibly, was a natural consequence of a relationship which he had not before experienced. His arduous toil as a farmer had been remote from the unaccustomed, but strictly professional, caresses. Nothing in the record convinces us that the nurse was guilty of any improper blandishment. We think, however, she should have been more alive to the fact that her presence and her attention was dangerous to the domestic tranquility of the parties, and that she should have retired from the service as the wife and others suggested.

As much as we deplore the condition that has resulted from the marital troubles of these two people, the record does not disclose any reason why we should set aside the ██ judgment of the court in granting the divorce to the plaintiff and refusing it to the defendant.

We come now to consider the complaint of the defendant as to the alimony fixed by the trial court.

The defendant is in the position of one who has been found to be guilty of extreme cruelty toward his wife and the court has found that the wife is without fault.

The court in fixing the amount to be paid by the husband as permanent alimony has summarized the evidence fixing the value of the husband's property at $20,567.50 of which amount the defendant inherited certain sums, which subtracted from the total worth of the defendant leaves a balance of $11,567.50 which has been accumulated by the parties through their mutual efforts and the court arrives at the conclusion that the plaintiff is entitled to share equally in their joint accumulations and orders that there be paid to the plaintiff the sum of $5,783.75 as her half of the joint accumulation. The court then awards to the plaintiff 1/3 of the amount of the property inherited by the defendant as representing her just portion and awards to her $3,000.00 out of $9,000.00 inherited, making a total award to the plaintiff as permanent alimony of $8,783.75. The defendant complains of this as being excessive and presents the reasons upon which he bases his objection. The reasons given by him have merit but the reasons given by the plaintiff for the allowance of this amount seem to have equal merit. This court has no means of evaluating the property of the defendant, either that arising from their joint efforts or that inherited by him and we are not inclined to disturb the finding of the court in this respect.

The amount which the court allots out of the property of the one who is found to be at fault and the amount of alimony to the one who is without fault depends on many conditions developed by the evidence of all of which the trial court was better able to judge than is a court of review. The allowance is not to be measured by a micrometer or weighed in delicate scales. We find no cause to complain of the court's judgment in this matter.

Judgment of the court below affirmed. Cause remanded.

HORNBECK, PJ, and BARNES, J, concur.